IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| COTTON STATES MUTUAL INSURANCE COMPANY, | * | |
| | * | |
| Plaintiff, | | |
| | * | Civil Action No.:  07-cv-842 |
| v. | | |
| | * | |
| GREGORY S. SAMPLE | | |
| | * | |
| Defendant. | | |

# REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed.R.Civ.P. 26(f), a meeting was not able to be held in person or via telephone on November 1, 2007, as Defendant represents himself and has to date been unresponsive to Plaintiffs requests for participation in the planning meeting. A Report was drafted and sent for review and calls were not returned prior to the filing deadline. In an abundance of caution, Plaintiff files this report unilaterally as follows:

>Jannea S. Rogers
>Adams and Reese LLP
>One St. Louis Street
>Suite 4500
>Mobile, AL 36602

>for Plaintiff;

The Plaintiff does not request a conference with the court before entry of the scheduling order.

1. Plaintiff's brief narrative statement of the facts and the cause of action stated in each count, and Defendants brief narrative statement of the facts and defenses,

including affirmative defenses, stating the theory of each defense.

      a.     **Plaintiff's narrative statement.**

This is an action for Declaratory Judgment for the purpose of determining an actual controversy between the parties as hereinafter more fully appears.

The of this litigation involves a Home Insurance Policy written by Cotton States Mutual Insurance Company and obtained by Gregory S. Sample in connection with premises located 507 Santolina Rd, Dothan, Alabama. The policy period began November 2, 2006 as noted on the Declaration Page.

Defendant made a claim pursuant to this policy for defense and indemnity with regard to claims being made by a former business partner or employer and his entity.

The facts as relayed to Plaintiff are: Martin McCall has brought suit along with his entity New World Closing Services, Inc. against Gregory S. Sample and his entity Regatta Closing and Title Corporation, Inc., in a case currently pending in the Circuit Court of Houston County, Alabama, Case No. CV-2007-272-L.

McCall alleges he and Defendant Gregory S. Sample worked together for New World. McCall as owner/employer and Sample as employee. Sample is alleged to have been employed at New World during the term between graduation from law school and passing the bar exam with the agreement between them "that Sample, after passing the bar examination, would then perform all of the loan closing duties which had previously been outsourced to other attorney."

McCall and Defendant Gregory S. Sample have a dispute regarding the failure of Sample to close. McCall further alleges that the parties thereafter entered into an agreement by which Sample was to purchase 75% of New World's stock for

$450,000.00 said contract executed August 2, 2006. Paragraph 12 of Complaint. McCall further alleges in a later agreement he and Sample agreed to a payment plan and down payment arrangement.

The lawsuit asserts Sample has allegedly wrongfully and maliciously or in bad faith converted to his own use, documents belonging to McCall breached the contract and subsequent arguments.

The Complaint further asserts Defendant Sample has made malicious and defamatory verbal statements directed at McCall and/or New World and has attempted to interfere with New World clients and customers. The Circuit Court action further seeks specific performance of the purchase agreement. The alleged assaults, threats and actions in a menacing manner at the business office of Sample have resulted in McCall suing for mental anguish and emotional distress allegedly caused by Sample's actions.

It is unclear whether Sample also seeks a defense and/or indemnity for his entity Regatta Closing and Title Corporation, Inc. There is no evidence McCall sought any medical treatment for the mental anguish or emotional distress.
The Home Insurance Policy issued by Plaintiff contains exclusions from coverage for the claims asserted by McCall in the pending state court action. Specifically, the Home Insurance Policy excludes from coverage: any exemplary or punitive damages as sought by McCall, any suit or claim that does not involve bodily injury or property damage caused by an occurrence; incidences which are not defined as an "occurrence"; claims pursued as a result of contracts or agreements entered into by an insured such as the breach of contract claim; for intentional acts of the insured; for

acts arising out of or in connection with a business engaged in by an insured; for acts arising out of a premises owned by insured, rented to an insured or rented to others by an insured that is not a specifically insured location; for bodily injury or property damages arising out of physical or mental abuse whether intentional or not; for bodily injury or property damage arising from an alleged criminal act; for claims against a person or entity that is not a named insured; Plaintiff Cotton States Mutual Insurance Company has requested a Declaratory Judgment such that the exclusions provide no coverage for the claims of McCall against Defendant Sample.

      b.      **Defendant/Counter Claimant's narrative statement**.

**NONE RECEIVED**

    2.    This non-jury action should be ready for trial by (**May 18, 2008**) and at this time is expected to take approximately **two (2) days**.

    3.    The Plaintiff requests a pretrial conference in four to six weeks prior to trial.

    4.    Discovery Plan. The Plaintiff jointly proposes to the court the following discovery plan:

      a.    Discovery will be needed on the following subjects: (i) The plaintiff's claims as described in paragraph 1(a), including plaintiff's claim of declaratory judgment.

      b.    All discovery commenced in time to be completed by **April 15,**

**2008.**.

5. Initial Disclosures. The Plaintiff will exchange by **November 20, 2007** the information required by Fed.R.Civ.P. 26(a)(1).

6. The Plaintiff requests until **February 2008,** to join additional parties and amend the pleadings.

7. Reports from retained experts under Rule 26(a)(2) due:

   a. From Plaintiff/Counter Defendant by **January 25, 2008**.

   b. From Defendant/Counter Claimant by **February 10, 2008.**

8. Pretrial Disclosures. Final lists of witnesses and exhibits under Rule 26(a)(3) due by **April 1, 2008**.

9. Discovery Limits.

   a. Maximum of **thirty (30)** interrogatories by each party to any other party. Responses due **thirty (30)** days after service.

   b. Maximum of **ten (10)** depositions by plaintiff/counter defendant and **ten (10)** by defendant/counter claimant. Each deposition limited to a maximum of **eight (8)** hours unless extended by agreement of parties.

   c. Maximum of **thirty (30)** requests for admission by each party to any other party. Responses due **thirty (30)** days after service.

   d. Maximum of **forty-five (45)** requests for production of documents by each party to any other party. Responses due **thirty (30)** days after service.

10. All potentially dispositive motions filed by **April 1, 2008**.

11. Settlement may be enhanced by use of the following alternative dispute resolution procedure: **the parties are not aware of any at this time**.

12. There are no other matters to be considered at this time..

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this the 1st day of November 2007 electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following and that I hereby certify that I have mailed by placing a copy of same in the United States Mail, first-class postage prepaid and properly addressed to those non CM/ECF participants:

Gregory S. Sample
507 Santolina Rd.
Dothan, Alabama  36301

/s/ JANNEA S. ROGERS
OF COUNSEL