IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| COTTON STATES MUTUAL INSURANCE COMPANY, | * | |
| | * | |
| Plaintiff, | | |
| | * | Civil Action No.:  07-cv-842 |
| v. | | |
| | * | |
| GREGORY S. SAMPLE | | |
| | * | |
| Defendant. | | |

## AMENDED REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed.R.Civ.P. 26(f), a meeting was not able to be held in person or via telephone on November 1, 2007, as Defendant represents himself and has to date been unresponsive to Plaintiffs requests for participation in the planning meeting.  A Report was drafted and sent for review and calls were not returned prior to the filing deadline.  In an abundance of caution, Plaintiff files this report unilaterally as follows:

    Jannea S. Rogers
    Adams and Reese LLP
    One St. Louis Street
    Suite 4500
    Mobile, AL 36602

    for Plaintiff;

    W. Davis Malone
    Farmer, Farmer & Malone, P. A.
    P. O. Drawer 668
    Dothan, Alabama  36302

    for Defendant.

The Plaintiff does not request a conference with the court before entry of the scheduling order.

1. Plaintiff's brief narrative statement of the facts and the cause of action stated in each count, and Defendants brief narrative statement of the facts and defenses, including affirmative defenses, stating the theory of each defense.

   a. **Plaintiff's narrative statement.**

This is an action for Declaratory Judgment for the purpose of determining an actual controversy between the parties as is hereinafter more fully explained.

This litigation involves a Home Insurance Policy written by Cotton States Mutual Insurance Company and obtained by Gregory S. Sample in connection with premises located 507 Santolina Rd, Dothan, Alabama. The policy period began November 2, 2006, as noted on the Declaration Page.

Defendant made a claim pursuant to this policy for defense and indemnity with regard to claims being made by a former business partner or employer and his entity.

The facts of the underlying case as relayed to Plaintiff are: Martin McCall has brought suit along with his entity New World Closing Services, Inc. against Gregory S. Sample and his entity Regatta Closing and Title Corporation, Inc., in a case currently pending in the Circuit Court of Houston County, Alabama, Case No. CV-2007-272-L.

McCall alleges he and Defendant Gregory S. Sample worked together for New World. McCall as owner/employer and Sample as employee. Sample is alleged to have been employed at New World during the term between graduation from law school and passing the bar exam with the agreement between them "that Sample, after passing the

bar examination, would then perform all of the loan closing duties which had previously been outsourced to other attorney."

McCall and Defendant Gregory S. Sample have a dispute regarding the failure of Sample to perform the closing duties. McCall further alleges that the parties thereafter, on August 2, 2006, entered into an agreement by which Sample was to purchase 75% of New World's stock for $450,000.00. ( Paragraph 12 of Complaint). McCall further alleges in a later agreement he and Sample agreed to a payment plan and down payment arrangement for the purchase.

The lawsuit asserts Sample has allegedly wrongfully and maliciously or in bad faith converted (documents belonging to McCall) to his own use, as well as breached the contract and subsequent agreements. The Circuit Court action further seeks specific performance of the purchase agreement.

The Complaint further asserts Defendant Sample has made malicious and defamatory verbal statements directed at McCall and/or New World and has attempted to interfere with New World clients and customers. The alleged assaults, threats and actions in a menacing manner at the business office of Sample have resulted in McCall suing for mental anguish and emotional distress allegedly caused by Sample's actions. There is no evidence McCall sought any medical treatment for the mental anguish or emotional distress.

It is unclear whether Sample also seeks a defense and/or indemnity for his entity Regatta Closing and Title Corporation, Inc.

The Home Insurance Policy issued by Plaintiff contains exclusions from coverage for the claims asserted by McCall in the pending state court action. Specifically, the

Home Insurance Policy excludes from coverage: (1) any exemplary or punitive damages as sought by McCall; (2) any suit or claim that does not involve bodily injury or property damage caused by an occurrence; (3) incidences which are not defined as an "occurrence"; (4) claims pursued as a result of contracts or agreements entered into by an insured such as the breach of contract claim; (5) intentional acts of the insured; (6) acts arising out of or in connection with a business engaged in by an insured; (7) acts arising out of a premises owned by insured, rented to an insured or rented to others by an insured that is not a specifically insured location; (8) bodily injury or property damages arising out of physical or mental abuse whether intentional or not; (9) bodily injury or property damage arising from an alleged criminal act; (10) claims against a person or entity that is not a named insured. Plaintiff Cotton States Mutual Insurance Company has requested a Declaratory Judgment stating the exclusions provide no coverage for the claims of McCall against Defendant Sample.

      **b.**      **Defendant/Counter Claimant's narrative statement**.

The undersigned attorney for the Defendant, Gregory S. Sample ("Defendant"), has this date been retained in this case. Consequently, counsel has not been provided all of the relevant materials, including, without limitation, a copy of Plaintiff's subject policy, necessary to make an informed and intelligent narrative statement of the Defendant's position in this case.

Additionally, Rule 26(f) of the Federal Rules of Civil Procedure does not appear to require that Defendant provide such a statement for purposes of this report and,

therefore, Defendant respectfully declines to do so at this time. However, generally, Defendant disputes the Plaintiff's narrative of certain relevant facts in the underlying case of New World Closing Services, Inc., et al. vs. Gregory S. Sample, et al. and its assertion that there is no coverage or duty to defend the claims made against the Defendant in that case under the terms of its policy.

2. This non-jury action should be ready for trial by **July 14, 2008,** and at this time is expected to take approximately **two (2) days**.

3. The Plaintiff requests a pretrial conference in **May 2008**.

4. Discovery Plan. The Plaintiff jointly proposes to the court the following discovery plan:

   a. Discovery will be needed on the following subjects: (i) The plaintiff's claims as described in paragraph 1(a), including plaintiff's claim of declaratory judgment.

   b. All discovery commenced in time to be completed by **April 30, 2008.**

5. Initial Disclosures. The Plaintiff will exchange by **December 15, 2007** the information required by Fed.R.Civ.P. 26(a)(1).

6. The Plaintiff requests until **February 1, 2008,** to join additional parties and amend the pleadings.

7. Reports from retained experts under Rule 26(a)(2) due:

   a. From Plaintiff/Counter Defendant by **February 28, 2008**.

   b. From Defendant/Counter Claimant by **March 28, 2008.**

8. Pretrial Disclosures. Final lists of witnesses and exhibits under Rule

26(a)(3) due by June 23**, 2008 and objections pursuant to Rule 26(a)(3) due by June 30, 2008.**

      9.      Discovery Limits.

      a.      Maximum of **thirty (30)** interrogatories by each party to any other party.  Responses due **thirty (30)** days after service.

      b.      Maximum of **ten (10)** depositions by plaintiff/counter defendant and **ten (10)** by defendant/counter claimant.  Each deposition limited to a maximum of **eight (8)** hours unless extended by agreement of parties.

      c.      Maximum of **thirty (30)** requests for admission by each party to any other party.  Responses due **thirty (30)** days after service.

      d.      Maximum of **forty-five (45)** requests for production of documents by each party to any other party.  Responses due **thirty (30)** days after service.

      10.      All potentially dispositive motions filed by **April 14, 2008**.

      11.      Settlement may be enhanced by use of the following alternative dispute resolution procedure: **the parties are not aware of any at this time**.

      12.      There are no other matters to be considered at this time..

      Jannea S. Rogers
      ROGER7403
      Adams and Reese LLP
      P. O. Box 1348
      Mobile, Alabama  36633
      Jannea.rogers@arlaw.com

      Signed with the express permission of
      W. Davis Malone, III
      Farmer, Farmer & Malone, P. A.
      P. O. Drawer 668
      Dothan, Alabama  36302